IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **FRANCISCO GOICOCHEA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WHITE LINE TRUCKING, LLC**, a Washington business corporation, dba **WHITE LINE SYSTEMS**, and **DRIVEN 2 DRIVE LEASING LLC**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>(Injured Worker Retaliation—ORS 659A.040; Wrongful Discharge in Violation of Public Policy; Intentional Infliction of Emotional Distress)<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL DEMANDED**<br><br>Prayer: $500,000.00<br><br>Filing Fee: $594.00 per ORS 21.160(1)(c) |

Plaintiff Franciso Goicochea ("Plaintiff"), through his counsel, makes the following complaint against his former employers, White Line Trucking LLC dba White Line Systems LLC and/or Driven 2 Drive Leasing LLC (collectively, "Defendants"), alleging as follows:

**PARTIES AND VENUE**

1.

At times material to this complaint, plaintiff **FRANCISCO GOICOCHEA**, was a resident and citizen of the state of Washington, who was at all material times employed by Defendants at its Portland, Oregon location.

P A G E | **1 – COMPLAINT**

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 1 of 11

2.

Defendant **WHITE LINE SYSTEMS LLC** is a foreign limited liability corporation headquartered in Fort Worth, Texas with a warehouse location in Portland, Oregon. It was and is an "employer" for purposes of the claims set forth in this complaint.

3.

Defendant **DRIVEN 2 DRIVE LLC** is a foreign limited liability corporation headquartered in Fort Worth, Texas with a registered agent in Salem, Oregon. It was and is an "employer" for purposes of the claims set forth in this complaint.

4.

This Court is the appropriate venue pursuant to ORS 14.080 because one or more of the events giving rise to this action took place in Multnomah County, including the termination of Plaintiff's employment from Defendants' warehouse location in Multnomah County.

**FACTUAL ALLEGATIONS**

5.

Plaintiff was hired by Defendants as a truck driver on or about December 7, 2021.

6.

Plaintiff's duties primarily consisted of driving Defendant's trucks from Defendant's warehouse in Portland, Oregon to various automotive dealerships in Oregon and Southwest Washington. Plaintiff not only transported automotive parts throughout the region, but also was involved in loading and unloading his deliveries.

PAGE | 2 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 2 of 11

7.

Plaintiff performed his work satisfactorily and never received any formal discipline related to his job performance. By all accounts, Plaintiff was a good employee and was in good standing with his employers.

8.

On January 21, 2022, Plaintiff suffered a serious workplace injury. That morning, a large motor vehicle engine rolled from the back lift of Plaintiff's truck while he was unloading, resulting in significant injuries to his ankle and spine. Plaintiff immediately reported his workplace injury to Defendants' dispatcher in Portland, Oregon.

9.

Thereafter, Plaintiff was unable to perform his regular work due to the workplace injuries he suffered, and ultimately filed a claim for Oregon Workers' Compensation benefits.

10.

Following a period of roughly two weeks of bed rest prescribed by his medical provider following his date of injury, Plaintiff began medical treatment, including physical therapy, which he attended regularly.

11.

Plaintiff's claim for Oregon Workers' Compensation benefits was accepted by Defendant Driven 2 Drive's insurance carrier, Broadspire, on April 11, 2022.

12.

Although Plaintiff was released to modified duty, he was unable to return to work due to lingering pain, weakness, and loss of range of motion. By April and May of 2022, Plaintiff's

PAGE | 3 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 3 of 11

functional limitations due to the workplace injury continued to prevent him from returning to work, and surgery was scheduled to address biomechanical problems in Plaintiff's lumbar spine.

13.

On May 11, 2022, Plaintiff's attending physician, Brian Ragel, M.D. ("Dr. Ragel"), provided the following work restrictions: "no lifting over 15 pounds from now until surgery 5/25/22, then no work for 3 weeks. We will reassess at 6/2/22 postop."

14.

Plaintiff underwent surgery on his lumbar spine on May 25, 2022, performed by Dr. Ragel.

15.

Plaintiff's first postoperative medical treatment visit occurred on June 2, 2022, where he was examined by Rebecca L. Babcock, PA-C ("PAC Babcock"). Babcock indicated that Plaintiff was to follow up in four to six weeks with Dr. Ragel "to discuss increasing activity, weight restrictions, and release to driving."

16.

Roughly four weeks later, Plaintiff continued to be off work while he recovered from his lumbar surgery. On July 7, 2022, Dr. Ragel indicated that Plaintiff must avoid pushing, pulling, or lifting more than ten pounds, and indicated that he might be released to work on August 8, 2022. On information and belief, Defendants timely received all such treatment notes consistent with processes set forth by the Oregon Workers' Compensation system.

17.

On August 3, 2022, Plaintiff received a letter from Defendants terminating his employment "due to no call, no show." Defendants' termination action was improper and

PAGE | 4 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 4 of 11

unlawful because Plaintiff was never released to return to work by his attending physician, Dr. Ragel. Plaintiff was shocked and confused to learn that he had been fired, and suffered, and continues to suffer, significant mental distress due to the Defendants' adverse employment action.

18.

On August 29, 2022, Plaintiff next received treatment from Dr. Ragel. In a chart note completed by Dr. Ragel that day, the doctor observed that Plaintiff had been fired for no-showing for 30 days. Dr. Ragel indicated that "we had a release day of 08/08/2022[.]" The doctor also indicated that, "I don't see any other indications from our notes that we released him any sooner."

19.

In October 2022, Dr. Ragel indicated Plaintiff remained unable to return to work following the workplace injury and subsequent lumbar surgery.

20.

As of today, August 3, 2023, Plaintiff has yet to be released to regular work due to his continuing functional limitations originating from the initial workplace injury in January 2022 and subsequent lumbar surgery.

**DAMAGES ALLEGATIONS**

21.

As a result of the unlawful actions alleged herein, plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendant such lost wages and benefits of employment and other economic losses in such amount as may be established at trial. Additionally, due to the extreme financial difficulties the termination of employment caused him,

PAGE |5 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 5 of 11

Plaintiff has since been forced to sell many of his personal possessions, including his only car, in order to survive.

22.

Reinstatement is not feasible, and plaintiff is entitled to recover an appropriate amount in lost wages and lost earning capacity in an amount to be determined at trial.

23.

As a result of defendant's actions alleged herein, plaintiff has suffered and is entitled to recover for his noneconomic damages, including physical, emotional, and mental harm in an amount found to be appropriate by a jury based on the evidence presented at trial.

24.

Plaintiff is entitled to a declaration that defendant acted in violation of the statutes set forth in this complaint for relief and equitable relief enjoining defendant from future violations of the statutes set forth herein, and such other relief in favor of plaintiff on such terms as the court may direct.

25.

The acts as described herein were done intentionally with malice or ill will. Defendant acted as alleged herein intentionally, with reckless disregard, and/or with conscious indifference to the health, safety, and welfare of plaintiff.

26.

Plaintiff is entitled to recover his reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to ORS 659A.885.

PAGE | 6 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
(Injured Worker Discrimination – ORS 659A.040)

27.

Plaintiff incorporates paragraphs 1 through 26 as though fully set forth herein.

28.

It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 or has given testimony under the provisions of those laws. ORS 659A.040(1).

29.

At all material times, Defendants employed six or more individuals.

30.

Defendants intentionally terminated Plaintiff's employment on August 3, 2022 despite Defendant's knowledge that Plaintiff was not released to return to work by his attending physician, Dr. Ragel. Defendants terminated Plaintiff in substantial motivating part due to Plaintiff's invocation and/or utilization of the injured workers' compensation procedures provided for in ORS chapter 656 in violation of ORS 659A.040.

31.

Plaintiff is entitled to a declaration that Defendants acted in violation of the statute set forth in this claim for relief and injunctive relief enjoining defendant from future violations of the statute set forth herein, or such terms as the Court may determine.

32.

Defendants' acts as described herein were in intentional disregard or reckless indifference

PAGE | 7 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 7 of 11

to the statutory rights of Plaintiff, in reckless disregard of Defendants' societal obligations, and committed with conscious indifference to the health, safety, and welfare of Plaintiff, who was at the time a particularly vulnerable individual. Defendants should be assessed punitive damages in such amount as may be found appropriate by a jury based on the evidence presented at trial to punish Defendants and to deter Defendants from similar conduct in the future.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

### (Wrongful Discharge in Violation of Public Policy)

33.

Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.

Plaintiff fulfilled an important public duty when he properly invoked and utilized the Oregon Workers' Compensation system set forth in ORS chapter 656 following his workplace injury in January 2021.

35.

As a result of Plaintiff's proper invocation and utilization of the workers' compensation system, Defendants retaliated against Plaintiff by terminating his employment before Plaintiff's attending physician, Dr. Ragel, released him to return to work. Defendants knew, or had reason to know, that Plaintiff was not released to work, and rather than properly investigate or clarify Plaintiff's injury or return-to-work status or capacity, summarily terminated him. Defendants' termination action is contrary to the public interest of safeguarding the rights of vulnerable injured workers who are attempting to recover from workplace injuries and whom have not been released to return to work by their attending medical providers.

PAGE | 8 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 8 of 11

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

### (Intentional Infliction of Emotional Distress)

36.

Defendants' actions in terminating Plaintiff's employment during a period where he was lawfully receiving Oregon Workers' Compensation benefits while recovering from a workplace injury and subsequent surgery constitutes outrageous conduct exceeding the bounds that is socially tolerable.

37.

Defendants' adverse employment action was intended to inflict severe emotional distress on Plaintiff, or Defendants knew or should have known that Plaintiff's distress was substantially certain to result from the adverse employment action.

38.

Plaintiff suffered, and continues to suffer from, severe emotional distress due to Defendants' adverse employment action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to:

1.      Declare Defendants in violation of the statutes set forth in each count of each of Plaintiff's claims for relief.

2.      Order Defendants to make Plaintiff whole by providing compensation for non-economic losses in an amount as are awarded by the court or a jury.

3.      Order Defendants to make Plaintiff whole by compensating him for his past and future economic damages.

PAGE |9 – COMPLAINT

CRISPIN HANNON LLC
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 9 of 11

4. Assess punitive damages against Defendants in such amounts as are found appropriate by a jury to punish defendant and deter Defendants and others from similar conduct in the future.

5. Award Plaintiff his costs of suit and reasonable attorney fees, costs, and expert witness fees.

6. Order Defendants to pay prejudgment interest and post-judgement interest on all amounts due to Plaintiff as a result of this action, with interest at the prevailing rate; and

7. Order such further or alternative relief in favor of Plaintiff as the Court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this Complaint.

DATED August 3, 2023

                         CRISPIN HANNON, LLC

                         By: _s/David C. Higgs_____
                             David C. Higgs, OSB No. 114193
                             *Of Attorneys for Plaintiff Francisco Goicochea*

PAGE | 10 – COMPLAINT

**CRISPIN HANNON LLC**
1834 SW 58th Avenue, Ste. 200
Portland, Oregon 97221-1455
503-293-5770

Exhibit 1 to Notice of Removal
Page 10 of 11

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **FRANCISCO GOICOCHEA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WHITE LINE TRUCKING, LLC**, a Washington business corporation, dba **WHITE LINE SYSTEMS**, and **DRIVEN 2 DRIVE LEASING LLC**,<br><br>Defendants. | Case No: 23CV31260<br><br><br><br>**SUMMONS TO DRIVEN 2 DRIVE LEASING LLC** |

TO: DRIVEN 2 DRIVE LEASING LLC c/o Corporation Service Company, 1127 Broadway St. NE, Ste. 310, Salem, OR 97301

**You are hereby required to appear and defend** the complaint filed against you in the above-entitled action within thirty (30) days from the date, of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.
If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

**CRISPIN HANNON LLC**

/s/ David Higgs
_____
David C. Higgs, OSB No. 114193
david@employmentlaw-nw.com

1834 SW 58th Avenue, Suite 200
Portland, OR 97221-1455
503-293-5770